**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert V. Tuzon; Cindy Baker,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>Pauline Campuzano and her Spouse John Doe I Campuzano; Augustine Rameriz and his (her) Spouse Jane (I) (John II) Doe Rameriz; Audrey Ortero and her Spouse John Doe III; Sandi Maeser and her Spouse John Doe IV; Paul Finkelstein and his Spouse Jane Doe II; Regis Corporation,<br><br>　　　　Defendants. | No. CV-11-00015-PHX-GMS<br><br>**ORDER** |

Pending before the Court are: (1) a Motion to Remand (Doc. 8), filed by Plaintiffs Robert V. Tuzon and Cindy Baker; (2) a "Motion for Court to Order Defendants" (Doc. 9), filed by Plaintiffs; and (3) a Motion to Dismiss (Doc. 11), filed by Defendants. For the following reasons, the Court grants Plaintiffs' Motion to Remand and denies as moot Plaintiff's "Motion for Court to Order Defendants" and Defendants' Motion to Dismiss.

**BACKGROUND**

Plaintiffs' complaint alleges the following. (Doc. 1, Ex. A). For the last ten years, Ms. Baker has been employed as a professional stylist–and at times as Assistant Manager–at Style America Salon ("Style America"), which is a part of the Regis Corporation. While working as the Assistant Manager, Ms. Baker enforced Regis' policies regarding cell phone

use and dress code, and as a result, her co-workers–Defendants Campuzano, Maeser, Ramirez, and Ortero–retaliated against her. Defendants reduced Ms. Baker's hours while she was pregnant, denied her request to attend church, and removed her from her position as Assistant Manager. Plaintiffs further allege that between May 2009 and January 2011, Ms. Baker's co-workers interfered with Plaintiffs' purchase of a home. Defendant Finkelstein (Regis Corporation's President) failed to respond to complaints filed by Ms. Baker regarding her co-workers' conduct. Plaintiffs contend that they lost approximately $10,200 and the ability to purchase a home as a result of Defendants' conduct.

Plaintiffs filed suit in Maricopa County Superior Court, alleging claims such as employment discrimination, fraud, defamation, and tortious interference. Defendants removed the case to this Court. (Doc. 1).

**DISCUSSION**

**I.  Motion to Remand**

**A.  Legal Standard**

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). In other words, "[o]nly state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). There is a "strong presumption" against removal, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)). Moreover, "[t]he party asserting jurisdiction has the burden of proving all jurisdictional facts." *Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990).

Because the parties do not argue that diversity jurisdiction exists, only the question

of federal question jurisdiction remains. Under 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." A case "'arises under' federal law . . . if 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Proctor. v. Vishay Intertech. Inc.*, 584 F.3d 1208, 1219 (9th Cir. 2009) (quoting *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 689–90 (2006)). Furthermore, as "master[s] of the complaint," Plaintiffs "may defeat removal by choosing not to plead independent federal claims." *ARCO Envtl. Remediation, LLC v. Dep't of Health and Human Servs.*, 213 F.3d 1108, 1114 (9th Cir. 2000) (citing *Caterpillar,* 482 U.S. at 392).

**B. Analysis**

In their Motion to Remand, Plaintiffs repeatedly assert that their "complaint states Arizona Constitution violation issues, as well as Arizona Torts" and that the Arizona state court system is the proper channel through which to adjudicate their state law claims. (Doc. 8 at 14). In their Response, Defendants argue that Plaintiffs' "claims for employment discrimination, possibly based on religion, inability to speak Spanish, and pregnancy" may be based on Title VII of the Civil Rights Act of 1964, thereby satisfying federal question jurisdiction and supplemental jurisdiction pursuant to 28 U.S.C. § 1367. (Doc. 12). However, the mere fact that Plaintiffs' employment discrimination claims *may* be based on Title VII does not create federal question jurisdiction where Plaintiffs, as "master[s] of the complaint", repeatedly contend that their claims are based on state law and seek to remand on that basis. Plaintiffs' employment discrimination claims may also be supported by the Arizona Civil Rights Act. *See* A.R.S. § 41-1463. "When a claim can be supported by alternative and independent theories–one of which is a state law theory and one of which is a federal law theory–federal question jurisdiction does not attach because federal law is not a necessary element of the claim." *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 346 (9th Cir. 1996). Accordingly, Plaintiffs' complaint does not establish either that federal law creates a cause of action or that Plaintiffs' right to relief depends on the resolution of a federal

question.

Moreover, even if Plaintiffs intended to bring their employment discrimination claim pursuant to Title VII, they could not do so because Title VII prohibits *employers* from discriminating against employees based on protected characteristics, and Plaintiffs have failed to serve process on any employer. Under Title VII, an "employer" is defined as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person." 42 U.S.C. §2000(e)(b). Individual defendants may not be liable for employment discrimination claims. *See Miller v. Maxwell's Int'l Inc.*, 991 F.2d 583, 587 (9th Cir. 1993) ("[I]t is inconceivable that Congress intended to allow civil liability to run against individual employees."). Thus, Defendants Campuzano, Ramirez, Ortero, Maeser, Finkelstein and their spouses cannot be employers pursuant to the statute, and Defendant Regis Corporation is dismissed from this action without prejudice due to Plaintiffs' failure to serve.[1]

Plaintiffs' motion to remand is granted because the case does not arise under federal law. The Title VII claim which Defendants base their opposition to remand upon cannot exist where no employer has been served and the deadline for service has expired. Accordingly, the Court lacks subject matter jurisdiction in this case.

**IT IS THEREFORE ORDERED**:

1. Plaintiffs' Motion to Remand (Doc. 8) is **GRANTED**. The Clerk of the Court

---

[1] On June 30, 2011, the Court entered an Order to Show Cause why Defendant Regis Corporation should not be dismissed as a result of Plaintiffs' failure to serve the Summons and Complaint. (Doc. 36). Plaintiffs responded by providing the certified mail receipt of an article addressed to "Paul Finkelspein, [sic] CEO for Regis Corporation." (Doc. 37). In response, Regis Corporation entered a limited appearance for the purpose of supplying the Court with the contents of the mailing to Paul Finkelstein and reasserting, as Defendants have several times before, that Regis Corporation has not been served in this matter. (Doc. 38, 39). The documents clarify that Plaintiffs served Paul Finkelstein as an individual Defendant, but service was not effected separately on the Corporation itself. Because the deadline for service of process is long overdue, Regis Corporation is terminated from this action.

is directed to remand this case to the Maricopa County Superior Court. Prior to remanding, the Clerk of the Court is directed to **TERMINATE** Defendant Regis Corporation from the action.

    2.     Plaintiffs' "Motion for Court to Order Defendants" (Doc. 9) is **DENIED** as moot.

    3.     Defendants' Motion to Dismiss (Doc. 11) is **DENIED** as moot.

DATED this 27th day of July, 2011.

*[signature: A. Murray Snow]*
/G. Murray Snow
United States District Judge